**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

UNITED STATES OF AMERICA,
*for the use and benefit of*
CORINTHIAN CONTRACTORS, INC.
8510 Westphalia Rd
Upper Marlboro, Maryland 20774

CORINTHIAN CONTRACTORS, INC.
8510 Westphalia Rd
Upper Marlboro, Maryland 20774

     Plaintiffs,

  v.

SAUER INCORPORATED *n/k/a*
SAUER CONSTRUCTION, LLC
**Serve:** Corporation Service Company, Registered Agent
     100 Shockoe Slip, Fl 2
     Richmond, Virginia 23219

FEDERAL INSURANCE COMPANY
**Serve:**  C T Corporation System, Registered Agent
     4701 Cox Road, Suite 285
     Glen Allen, Virginia 23060

     Defendants.

Case No. _____

## COMPLAINT

Plaintiffs United States of America, *for use of* Corinthian Contractors, Inc. and Corinthian Contractors, Inc. ("Corinthian" or "Plaintiff"), by counsel, file this Complaint, and in support thereof state as follows:

### Nature of the Action

1.     This is an action on a payment bond under the Miller Act, 40 U.S.C. § 3131, *et seq.*, and for material breach of contract, or, alternatively, unjust enrichment, to recover sums



4100 MONUMENT CORNER DRIVE · SUITE 420 · FAIRFAX, VA 22030
TEL 703.273.8898    FAX 703.273.8897

CameronIngersollRoche

owed to Corinthian for its work on a construction project located at the Pentagon in Arlington, Virginia known as Pentagon Corridor 8 PACP, Arlington, VA ("Project").

**Parties, Jurisdiction and Venue**

2.     Corinthian is a Maryland corporation whose principal place of business is located in the State of Maryland.  Corinthian is authorized to transact business in the Commonwealth of Virginia.

3.     Corinthian is engaged in the construction of improvements upon real property, primarily as a subcontractor.

4.     At all times relevant herein, Defendant Sauer Incorporated *n/k/a* Sauer Construction, LLC ("Sauer") has transacted business within the Commonwealth of Virginia, purportedly as a Pennsylvania corporation (now limited liability company), engaged in the construction of improvements upon real property, primarily as a commercial general contractor.

5.     At all times relevant herein, Federal Insurance Corporation ("FIC") has transacted business in the Commonwealth of Virginia, purportedly as an Indiana corporation, engaged in the business of, *inter alia*, issuing surety bonds for construction projects.

6.     This Court has subject matter jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. § 1331 because Count I hereinbelow is a claim under the Miller Act, 40 U.S.C. § 3131, *et seq*.

7.     The Court has pendent and supplemental jurisdiction pursuant to 28 U.S.C § 1367 over the state law claims asserted in Counts II and III herein.

8.     The Court has personal jurisdiction over Defendants because each has transacted business in the Commonwealth of Virginia, including, but not limited to, transacting business in connection with the Project, which is located in the Commonwealth of Virginia.  Moreover, both

4100 MONUMENT CORNER DRIVE · SUITE 420 · FAIRFAX, VA 22030    TEL 703.273.8898    FAX 703.273.8897

CameronIngersollRoche LLC

2

the existence of personal jurisdiction and venue are appropriate under the Miller Act, 40 U.S.C. § 3133(b)(3), which requires that this action be brought in this Court.

### Facts

9. The United States of America, through the U.S. Army Corps of Engineers ("United States" or "Owner"), contracted with Sauer to perform certain construction work on the Project ("Prime Contract").

10. The property on which the Project was performed is owned by the United States.

11. On or about May 24, 2021, Sauer and Corinthian entered into a Subcontract Agreement ("Subcontract"), pursuant to which Corinthian was to furnish labor, equipment and materials for site, stormwater and concrete work at the Project ("Work").

12. A true and accurate copy of the Subcontract is attached hereto, incorporated herein and marked as **Exhibit 1**.

13. The original Subcontract Price for the Work was $1,426,000.

14. During the course of Corinthian's performance of the Work, the scope of the Work was materially modified by changes which were initiated by Sauer and/or were encountered in the field by Corinthian and Sauer directed Corinthian to perform (collectively, "Material Changes").

15. The value of the Material Changes is substantially greater than the original Subcontract Price.

16. Corinthian performed the Work, as modified by the Material Changes.

17. The Work, as modified by the Material Changes, met all requirements and specifications made known to it, and was accepted, used and incorporated into the Project, without legitimate objection or complaint.



3

18.     Unbeknownst to Corinthian at the time Sauer directed it to perform the Work, as modified by the Material Changes, Sauer had no intention of taking the steps necessary to facilitate payment for such work.

19.     Among other things:

- Sauer, in bad faith, failed to issue any written change orders encompassing the Material Changes; and,

- To the extent any portion of the Material Changes justify a change to Sauer's Prime Contract with the Owner, Sauer, in bad faith, failed to demonstrate to Corinthian that it (Sauer) took the steps necessary to obtain the corresponding relief from the Owner; and,

- As of the date of this filing, the Owner has failed to provide any information to Corinthian relating to the Material Changes, despite repeated requests therefor; and,

- In response to the Material Changes, Sauer, in bad faith, has taken the completely unwarranted position that *Corinthian* is somehow responsible for the entire expense associated with such changes.

20.     Sauer has failed and refused to pay Corinthian the full amount due for the Work, as modified by the Material Changes, despite repeated demands therefor.

21.     The current principal amount remaining due for the Work is $2,993,260.85, which is comprised of $33,815 in contract work, $118,868.85 in retention and $2,840,577 in Material Changes.

22.     If Corinthian had known at the time Sauer authorized and directed the Material Changes to be carried out by it that Sauer had no intention of paying for such work and/or that

4100 MONUMENT CORNER DRIVE · SUITE 420 · FAIRFAX, VA 22030    TEL 703.273.8898    FAX 703.273.8897



Sauer would prevent any right of recovery by failing to submit claims to the Owner, Corinthian would not have agreed to perform the Material Changes.

23.    Sauer's conduct excuses any remaining obligation on Corinthian's part to perform under the Subcontract.

24.    More than ninety (90) days have passed since Corinthian last performed the Work, as modified by the Material Changes, and since the date payment was due.

25.    Sauer's failure to pay Corinthian the amount due, as aforesaid, is without justification and constitutes bad faith.

26.    Corinthian has satisfied all conditions precedent to the filing of this Complaint, except to the extent that the performance of any such conditions has been waived, prevented or otherwise excused by virtue of Defendants' conduct.

**COUNT I**
**(Payment Bond – Sauer and FIC)**

27.    The allegations of paragraphs 1 through 26 are incorporated herein.

28.    FIC provided to Sauer a payment bond identified as Bond No. 8258-99-84 ("FIC Payment Bond"), by which FIC bound itself, jointly and severally with Sauer, to pay for labor, materials and equipment furnished by Sauer's subcontractors on the Project.

29.    A true and accurate copy of the FIC Payment Bond is attached hereto, incorporated herein, and marked as **Exhibit 2**.

30.    Corinthian is a protected claimant under the FIC Payment Bond and is entitled to have its claim against Sauer satisfied from such bond.

WHEREFORE, in consideration of the foregoing, Plaintiffs United States of America, *for the use and benefit of* Corinthian Contractors, Inc. and Corinthian Contractors, Inc. move this Court to grant them the following relief:

4100 MONUMENT CORNER DRIVE · SUITE 420 · FAIRFAX, VA 22030
TEL 703.273.8898    FAX 703.273.8897


CameronIngersollRoche PLLC

5

(i)    To enter judgment in their favor and against Defendants Sauer Incorporated *n/k/a* Sauer Construction, LLC and Federal Insurance Corporation, jointly and severally, in the principal amount of TWO MILLION NINE HUNDRED NINETY-THREE THOUSAND TWO HUNDRED SIXTY and 85/100 DOLLARS ($2,993,260.85), plus interest at the statutory rate per annum accruing from September 27, 2024, its reasonable attorney's fees in accordance with paragraph 15 of the Subcontract, the costs of this proceeding; and,

(ii)   To further order that the judgment prayed for herein be immediately paid out of the Bond; and,

(iii)  To grant them such other and further relief as deemed appropriate.

## COUNT II
### (Breach of Contract – Sauer)

31.    The allegations of paragraphs 1 through 26 are incorporated herein.

32.    The Subcontract, including all amendments and modifications thereto, constitutes a valid and enforceable contract between Sauer and Corinthian.

33.    Sauer's conduct, as aforesaid, constitutes a material breach of the Subcontract.

34.    As a direct and proximate result of Sauer's breach, Corinthian has been damaged.

WHEREFORE, in consideration of the foregoing, Plaintiff Corinthian Contractors, Inc. moves this Court to grant it the following relief:

(i)    To enter judgment in its favor and against Defendant Sauer Incorporated *n/k/a* Sauer Construction, LLC in the principal amount of TWO MILLION NINE HUNDRED NINETY-THREE THOUSAND TWO HUNDRED SIXTY and 85/100 DOLLARS ($2,993,260.85), plus interest at the legal rate per annum accruing September 27, 2024, its reasonable attorney's fees in accordance with paragraph 15 of the Subcontract, and the costs of this proceeding; and

6

(ii)    To grant it such other and further relief as deemed appropriate.

## COUNT III
**(Unjust Enrichment – Sauer)**
**(Alternative to Count II)**

35.    The allegations of paragraphs 1 through 26 are incorporated herein.

36.    Corinthian performed the Work at the request of Sauer's authorized representatives.

37.    By performing the Work, Corinthian conferred a direct and substantial benefit upon Sauer.

38.    Sauer knew of the benefit Corinthian conferred upon it where it would be inequitable to allow it to avoid paying therefor.

39.    The reasonable value of the unpaid portion of the Work is TWO MILLION NINE HUNDRED NINETY-THREE THOUSAND TWO HUNDRED SIXTY and 85/100 DOLLARS ($2,993,260.85).

40.    Sauer is obligated to pay Corinthian for the reasonable value of the unpaid portion of the Work.

WHEREFORE, in consideration of the foregoing, Plaintiff Corinthian Contractors, Inc. moves this Court to grant it the following relief:

(iii)    To enter judgment in its favor and against Defendant Sauer Incorporated *n/k/a* Sauer Construction, LLC in the principal amount of TWO MILLION NINE HUNDRED NINETY-THREE THOUSAND TWO HUNDRED SIXTY and 85/100 DOLLARS ($2,993,260.85), plus interest at the legal rate per annum accruing from September 27, 2024, its attorney's fees in accordance with paragraph 15 of the Subcontract, and the costs of this proceeding; and

7

(iv)    To grant it such other and further relief as deemed appropriate.

## JURY DEMAND

Corinthian demands a trial by jury as to all issues joined herein.

Respectfully submitted,

UNITED STATES OF AMERICA,
*for the use and benefit of*
CORINTHIAN CONTRACTORS, INC. and
CORINTHIAN CONTRACTORS, INC.
By Counsel


/s/ Eric S. Waldman
Edward W. Cameron, Esquire
VSB No. 29448
Eric S. Waldman, Esquire
VSB No. 90431
CAMERON INGERSOLL ROCHE PLLC
4100 Monument Corner Drive, Suite 420
Fairfax, Virginia 22030
(703) 273-8898 (telephone)
(703) 273-8897 (facsimile)
ecameron@cirlaw.com
ewaldman@cirlaw.com
*Counsel for Plaintiffs*

4100 MONUMENT CORNER DRIVE · SUITE 420 · FAIRFAX, VA 22030    TEL 703.273.8898    FAX 703.273.8897



CameronIngersollRoche